## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS MCNEAL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | **JURY DEMANDED** |
| Presence Chicago Hospitals Network | ) | |
| d/b/a Presence Saints Mary and Elizabeth | ) | |
| Medical Center | ) | |
| | ) | |
| Defendant. | ) | |

### JURISDICTION AND VENUE

1.      This is an action pursuant to the Americans with Disabilities Act of 1990, and the ADA Amendments Act of 2008, ("ADA"), 42 U.S.C. §12101 *et seq.*, This court has jurisdiction under and by virtue of 28 U.S.C §§ 1331 and 1343.

2.      Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

### PARTIES

3.      At all times herein mentioned Plaintiff, Thomas McNeal, was an employee of the Defendant until is involuntary termination.

4.      At all times herein mentioned, Defendant Presence Chicago Hospitals Network, doing business as Presence Saints Mary and Elizabeth Medical Center ("PSMEMC"), was an Illinois corporation existing, and operating within the jurisdiction of this Court.

5.      Defendant is an employer subject to suit under the ADA in that it is in an industry affecting commerce, and had 15 or more employees in each of 20 or more weeks in the current or preceding calendar year.

## FACTUAL ALLEGATIONS

6.      Defendant is a corporation that operates multiple hospitals and heath care facilities in Illinois, including the facility currently named Presence Saints Mary and Elizabeth Medical Center ( hereinafter "PSMEMC")

7.      Plaintiff began his employment at Defendant's facility in January, 2009.  Plaintiff worked as a Mental Health Counselor.

8.      Plaintiff has a health condition that substantially limits his major life activities of moving his legs and walking.  Therefore, this health condition constitutes a disability under the ADA and its amendments.

9.      Despite this disability Plaintiff was able to successfully perform his employment duties for Defendant for approximately nine years.

10.      Plaintiff's employment with Defendant was involuntarily terminated on or about January 29, 2018.

11.      Prior to Plaintiff's termination his Manager repeatedly questioned whether Plaintiff was physically able to perform his duties based upon her perception that his difficulty walking somehow prevented him from performing his duties as a Mental Health Counselor.

12.      As a result of this Manager's discriminatory perception Plaintiff was required to provide multiple certifications that he was physically able to perform his required duties.  Even when one of Defendant's own employees certified that Plaintiff was able to perform his duties this same Manager argued with the employee providing the certification.

13.      In January, 2018, Plaintiff committed a minor infraction related to the use of an outdated medical term in the chart of a difficult mental health patient.  The patient never saw the entry in the chart.

14.     When this chart entry was brought to Plaintiff's attention he admitted that he was the author.

15.     Defendant then used this relatively minor infraction as a justification for terminating Plaintiff's employment.

16.     However, Defendant used this minor infraction as a pretext for concealing the fact that Plaintiff's employment was terminated because of his disability and/or his Manager's baseless perception that he is disabled and unable to perform his duties.

17.     Defendant has opted not to terminate similarly situated non-disabled employees for far worse conduct that included violence, use of profanity, and displaying pornographic materials in the workplace.

18.     On or about March 21, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") that alleged Defendant terminated him in violation of the ADA.

19.     On or about July 2, 2019, the EEOC issued Plaintiff a right to sue letter.

20.     This Complaint was filed with the Court less than 90 days after July 2, 2018.

**COUNT I**
**PLAINTIFF AGAINST DEFENDANT FOR**
**VIOLATION OF**
**THE AMERICANS WITH DISABILITIES ACT**

21.     Plaintiff realleges and incorporates paragraphs one (1) through twenty (20) as though fully set forth at this place.

22.     Plaintiff, as described above, is disabled as that term is defined by the ADA and its amendments

3

23.     Plaintiff was qualified for the job he held with Defendant and performed all job functions to Defendant's legitimate employment expectations.  For example, in his last performance review Defendant documented that Plaintiff consistently met or exceeded expectations.

24.     Despite Plaintiff's qualifications and job performance, he was discriminated against by Defendant because he is disabled.

25.     Defendant's discrimination against Plaintiff was intentional.

26.     Defendant discriminated against Plaintiff in the terms and conditions of employment in that his employment was involuntarily terminated.

27.     Defendant's actions, as described above, are in violation of the ADA in that Defendant acted to discriminate against Plaintiff in the terms and conditions of his employment because of his disability.

28.     As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered lost wages and the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.  Plaintiff claims such damages together with prejudgment interest as permitted by law.

29.     The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive, and in callous disregard to and indifference to Plaintiff.  Thus, Plaintiff requests the assessment of punitive damages and/or liquidated damages against the Defendant in a sum as determined according to law and proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Thomas McNeal, by and through his attorneys, Ed Fox & Associates, requests the following relief:

A.       That Plaintiff be granted general and compensatory damages in an amount to be determined at trial;

B.       That Plaintiff be granted punitive or liquidated damages in an amount to be determined at trial;

C.       That the Court grant to Plaintiff his reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest;

D.       That the Court grant appropriate equitable relief such as reinstatement; and

E.       That the Court grant such other and further relief as the Court may deem just or equitable.

BY:     s/ Garrett Browne

ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

BY:     s/Garrett Browne

ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com